**Donald L. KERNS, Appellant,**

v.

**Lillie M. KERNS, Respondent.**

**No. KCD 28810.**

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

Richard E. Duggan, Duggan & Keleher, Kansas City, for appellant.

Edward A. Coulson, William E. Shull, Philip D. Gettig, Gettig, Coulson & Shull, Kansas City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Dissolution of marriage proceeding. Trial court dissolved marriage on petition of husband and awarded wife $200 per month for maintenance for a period of 30 months, beginning May 1, 1976. Husband has appealed, attacking only the maintenance award.

Donald L. Kerns and Lillie Margueritte Kerns were married December 13, 1970. Donald was 46 years old at that time, his wife three years older. Both had been married previously. Donald was obligated to pay $300 per month for the support of minor children, arising from his prior marriage. Lillie M. received $150 per month for the support of her three minor children. At the time of the dissolution in this case, one minor child still lived with Lillie M. and she was still receiving $150 per month for her support. Donald continued to pay $300 monthly support for his children.

Donald operated a small construction business at the time of the dissolution in this case. He had tried other business ventures, with little success, and had been adjudicated bankrupt in 1971. At the hearing on the maintenance allowance, he testified that his gross taxable income for 1975 was $8,400, with a net taxable income of some $5,400. Lillie M.'s testimony questioned the accuracy of Donald's income tax return as evidencing his actual income. Her testimony would have supported a finding that his actual income was in excess of the amount he claimed.

Although appellant's argument here includes the contention that there was inadequate demonstration of his ability to meet his needs while meeting those of the respondent (§ 452.335 2. (6), RSMo Cum.Supp. 1975), his sole point relied on is: "The court erred in awarding maintenance to respondent on the basis that respondent was capable of earning a substantial income and it was not necessary for respondent to stay home to care for young children." (The quotation is not intended to approve this statement as a model of compliance with Rule 84.04(d). It does show the limited question presented on this appeal.)

Section 452.335 1. (2), RSMo Cum.Supp. 1975, permits an award of maintenance only if the court finds that the spouse seeking such an award "[i]s unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home."

The evidence in this case showed that, at the time of the marriage, respondent was employed as a real estate salesperson. When she married appellant, she restricted her activity in that area because appellant preferred to "have her as a housewife."

Following the marriage, she assisted appellant in his business ventures, but continued her real estate work, earning approximately $3,500 in 1971, $1,200 in 1972, $2,200 in 1973, $800 in 1974, $2,500 in 1975, and an average of $250 per month for the first quarter of 1976.

Respondent testified that a nervous condition which appeared in the summer of 1975 and for which she was under a doctor's care had kept her away from the real estate office and depressed the amount of her earnings.

She testified that her monthly expenses were approximately $800. She has no source of income of significance other than her earnings in the real estate business and the $150 per month which she receives for the support of the child living with her. She fell in debt some $1,500 following her separation from appellant.

On cross-examination respondent stated that the nervous condition arose out of her marital problems and that she felt that dissolution of the marriage would cause her condition to improve. There were some questions posed to her about a potential ability to earn $1,000 per month. Respondent's reply was "I could make a thousand dollars one month and nothing the next."

On the record, this court cannot find the trial court's award of maintenance erroneous. Respondent's claim was not based upon any necessity to remain at home in order to care for children. Her claim must rest upon her inability "to support [her]self through appropriate employment." Respondent testified to her actual earnings and expenses and to a nervous difficulty which limited her earning ability. Her evidence was sufficient to permit a finding of lack of ability to support herself, at least for the limited period of the award here questioned.

The sole authority relied upon by appellant, *In re Marriage of Neubern*, 535 S.W.2d 499 (Mo.App.1975), does not compel a different conclusion. There were a number of factors present in that case, including an award of marital property to the wife of a business from which she might be expected to support herself, her employment experience and her lack of "physical, mental or emotional disabilities * * *." 535 S.W.2d at 503[4, 5]. In this case, the marital property is not a factor and there was evidence of limitation upon respondent's ability to provide for herself through employment.

There was evidence to support the trial court's conclusion on the issue here raised. Review of the evidence heard by the trial court produces no "firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). Therefore, the award of the trial court must be affirmed.

Judgment affirmed.

All concur.